GARY M. RESTAINO
United States Attorney
District of Arizona

SHEILA PHILLIPS
Assistant United States Attorney
Michigan Bar No. P51656
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Sheila.Phillips2@usdoj.gov
Attorneys for Plaintiff

X FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 1 6 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-24-00098-PHX-JJT (DMF) |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | VIO: 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) (Dealing Firearms without a License) Count 1 |
| Alexander Edward Fausto, | |
| Defendant. | 18 U.S.C. §§ 922(a)(6) and 924(a)(2) (Material False Statement During the Purchase of a Firearm) Counts 2 - 5 |
| | 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

## COUNT 1

Between on or about May 1, 2020 and January 28, 2021, in the District of Arizona, Defendant ALEXANDER EDWARD FAUSTO, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

**COUNT 2**

On or about July 21, 2020, in the District of Arizona, Defendant ALEXANDER EDWARD FAUSTO knowingly made a false statement and representation in connection with the acquisition of a firearm to Ammo AZ, which were intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Ammo AZ, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Ammo AZ, in that Defendant ALEXANDER EDWARD FAUSTO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer of the firearm(s), whereas in truth in fact, he was purchasing the firearm(s) on behalf of someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

**COUNT 3**

On or about August 4, 2020, in the District of Arizona, Defendant ALEXANDER EDWARD FAUSTO knowingly made a false statement and representation in connection with the acquisition of a firearm to Ammo AZ, which were intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Ammo AZ, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Ammo AZ, in that Defendant ALEXANDER EDWARD FAUSTO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer of the firearm(s), whereas in truth in fact, he was purchasing the firearm(s) on behalf of someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

**COUNT 4**

On or about August 21 , 2020, in the District of Arizona, Defendant ALEXANDER

EDWARD FAUSTO knowingly made a false statement and representation in connection with the acquisition of a firearm to Ammo AZ, which were intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Ammo AZ, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Ammo AZ, in that Defendant ALEXANDER EDWARD FAUSTO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer of the firearm(s), whereas in truth in fact, he was purchasing the firearm(s) on behalf of someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 5

On or about October 6, 2020, in the District of Arizona, Defendant ALEXANDER EDWARD FAUSTO knowingly made a false statement and representation in connection with the acquisition of a firearm to Arizona Firearms Gilbert, which were intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Arizona Firearms Gilbert, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Arizona Firearms Gilbert, in that Defendant ALEXANDER EDWARD FAUSTO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer of the firearm(s), whereas in truth in fact, he was purchasing the firearm(s) on behalf of someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 5 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C.

§ 2461(c), and upon conviction of the offense(s) alleged in Counts 1 through 5 of this Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with Title 18, United States Code, Sections 924(d) and 981; Title 21, United States Code, Sections 853 and 881; Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

_____
/s/
FOREPERSON OF THE GRAND JURY
Date:  January 16, 2024

GARY M. RESTAINO
United States Attorney
District of Arizona


_____
/s/
SHEILA PHILLIPS
Assistant U.S. Attorney

- 4 -