GARY M. RESTAINO
United States Attorney
District of Arizona

SHEILA PHILLIPS
Michigan State Bar No. P51656
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Sheila.Phillips2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-24-00098-PHX-JJT |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES SENTENCING MEMORANDUM** |
| Alexander Edward Fausto III, | |
| Defendant. | |

The United States requests the Court sentence Defendant to 21 months' imprisonment followed by 3 years of supervised release as recommended in the Presentence Investigation Report (PSR).

**I.    FACTS**

On January 16, 2024, a grand jury indicted Defendant on five counts including Count 1: dealing firearms without a license; and Counts 2 through 5: false statement during the purchase of a firearm. PSR ¶ 1. On August 6, 2024, Defendant pleaded guilty to Count 1 of the indictment and entered into a written plea agreement, which set a low-end cap. PSR ¶¶ 2-3.

On July 21, 2021, an employee at Ammo AZ, a Federal Firearms Licensee (FFL) in Phoenix notified Bureau of Alcohol, Tobacco, Firearm, and Explosives (ATF) agents that Defendant attempted to acquire four firearms from the FFL. PSR ¶ 7. Defendant had purchased several other firearms beforehand from the same FFL, which delayed his

security check. A few days later, Agents stopped Defendant's vehicle when he picked up the firearms and interdicted them. PSR ¶ 8.

At the time, agents knew Defendant had several multiple firearm purchases and firearm recoveries for firearms. Agents had identified 40 firearm purchases, five of which were recovered by law enforcement agencies in California with a time to crime ranging from 47 to 146 days. *Id.* Agents later found that Defendant purchased 81 firearms between May 1, 2020, and January 28, 2021. PSR ¶ 9. Seventeen of the firearms were recovered by law enforcement agencies in California with a short time from Defendant's purchase to the firearms recovery. PSR ¶¶ 10, 12-13.

On March 26, 2021, agents interviewed Defendant, who eventually admitted that he was selling firearms to a person named Vinny to make money and delivering them to him in California. PSR ¶ 11. Defendant did not have a license to sell firearms.

The present offense is Defendant's first felony conviction, but he has three prior misdemeanor convictions. PSR ¶¶ 29-31.

## II.    SENTENCING GUIDELINE

The PSR accurately calculates Defendant's Total Offense Level at 15 after acceptance of responsibly, which includes a six-level enhancement for his number of firearm purchases under USSG §2K2.1(b)(1)(C). PSR ¶¶ 19-21. Based on a total of three criminal history points, his Criminal History Category is III. PSR ¶¶ 32-34. Defendant's guideline range is correctly calculated a 21to 27 months incarceration. PSR at 20. The PSR recommends a sentence of 21 months followed by 3 years of supervised release. *Id.* The United States agrees.

## III.    UNITED STATES SENTENCING RECOMMENDATON

Defendant engaged in a pattern of criminal activity that spanned months. In roughly a nine-month period, Defendant purchased 81 firearms for the person in California who he knew likely sold them to prohibited possessors. Defendant's conduct was not limited to a few isolated, multiple purchases. He made 23 separate purchases and lied 23 times on an ATF Form 4473 about being the actual purchaser of the firearms. PSR at 20. Based on

the extent of Defendant's conduct, a significant sentence is warranted to impress upon him the seriousness of his actions, promote deterrence and provide just punishment. Therefore, a sentence at the low end of the advisory guidelines is sufficient but not greater than necessary to achieve these goals.

There is nothing in Defendant's history or characteristics that support a downward variance below the guidelines. Particularly because Defendant lied over and over again on the ATF Form 4472 and transported a significant number, if not all the firearms to an individual in California, who he knew likely supplied the firearms to persons engaging in criminal activity. Moreover, he was under state court jurisdiction for his conviction for Obstruction of a Public Officer in Riverside, California when he made the bulk of his illegal firearm purchases -- amplifying the need for a weightier sentence, not only for deterrence but to promote respect for the law and court orders. All these factors negate an argument for a downward variance.

## IV.    CONCLUSION

Therefore, the United States respectfully requests the Court sentence Defendant to a total of 21 months imprisonment followed by 3 years of supervised release.

Respectfully submitted this 21st day of January 2025.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Sheila Phillips*
SHEILA PHILLIPS
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the above date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing sealed documents, and that true and accurate copies have been transmitted electronically to the following recipient: Madeline Ann Mayer, *Attorney for Defendant*

*s/ Carlton Covington*
United States Attorney's Office